Clerk

37,214-04

Mr.James Albert Duke
TDCJ# 1188448/Eastham
2665 Prison Rd.#1
Lovelady,Texas 75851


August 24,2015


Hon.Abel Acosta,Clerk
Texas Court of Criminal Appeals
P.O.Box 12308,Capitol Station
Austin,Texas 78711


RE: The State of Texas V. James Albert Duke,Case No.WR-37,214-04,
    Memorandum In Support of Application for Writ of Habeas
    Corpus Art.11.07:Trial Court No.8671,Trinity County,Texas:


Dear Hon.Acosta:

     The purpose of this inquiry in to file Applicant's
Memorandum of Law in the above cause No.WR-37.214-04
enclosed.

Please inform applicant of any movement by the court
in this request for relief.


I thank you for your time and assistance.
I await your response. I Remain.


Sincerely,

James a. Duke


James Albert Duke

cc/jps/pla
enclosure

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 01 2015

Abel Acosta, Clerk

IN THE TEXAS
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE                              X      IN THE DISTRICT COURT

                                      X      TRINITY COUNTY, TEXAS

JAMES ALBERT DUKE,                    X      411th JUDICIAL DISTRICT

MEMORANDUM IN SUPPORT OF APPLICATION FOR
WRIT OF HABEAS CORPUS SEEKING RELIEF FROM
FINAL FELONY CONVICTION UNDER ARTICLE 11.07
AND 11.073 TEXAS CODE OF CRIMINAL PROCEDURES

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES, James Albert Duke, Applicant, and submits this Memorandum

in support of Application for Writ of Habeas Corpus seeking relief from

final felony conviction under Article 11.07 and 11.073 Texas Code of

Criminal Procedures and would show this Honorable Court the following;

## I. JURISDICTION

This Honorable Court has jurisdiction over the parties and the

Extraordinary Matters pursuant to Art.11.07, Supra of the Texas Code

of Criminal Procedures.

## II. CONFINEMENT AND RESTRAINT

Applicant was convicted of Aggravated Assault in this case and

sentenced to 85 years in prison, is being unlawfully confined and restrained

of his liberty by William Stephens, acting in his Official Capacity as

Director of the Texas Department of Criminal Justice Correctional

Institutional Division (TDCJ-CID), at the Eastham Facility situated at

1.

2665 Prison Rd.#1,Lovelady,Texas 75851,for Aggravated Assault in case No.8671 of the 411th District Court,Trinity County,Texas pursuant to Art.11.22 of the Texas Code of Criminal Procedure this Court has the jurisdiction of all grounds presented.

## III. GROUNDS FOR RELIEF

GROUND NUMBER ONE:

APPLICANT'S ACTUAL INNOCENCE CLAIM,A SCHLUP-TYPE CLAIM,IS A PROCEDURAL CLAIM WHICH APPLICANT'S CLAIM OF INNOCENCE DOES NOT PROVIDE A BASIS FOR RELIEF,BUT IS TIED TO A SHOWING OF CONSTITUTIONAL ERROR AT TRIAL AND ON APPEAL DUE TO INEFFECTIVE COUNSEL IN VIOLATION OF THE U.S.CONST AMENDS VI AND XIV: THAT HAVE PROBABLY RESULTED IN A MISCARRIAGE OF JUSTICE.

GROUND NUMBER TWO:

APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF THE TE XAS CONSTITUTION AND THE U.S. CONST AMENDS VI AND XIV.

GROUND NUMBER THREE:

APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPELLATE REVIEW IN THE VIOLATION OF THE TEXAS CONSTITUTION AND U.S.CONST AMENDS VI AND XIV.

## IV. STATEMENT OF THE CASE

Applicant,James Albert Duke,pleaded guilty to aggravated assault with a deadly weapon and true to two felony convictions for driving while intoxicated. A jury assessed punishment at 85 years confinement. On appeal,Applicant contented that the trial court erred in excluding evidence of the complainant's criminal background and in denying his challenges for cause. The appellate court affirmed the conviction. Applicant petition for discretionary review was refused.

2.

Applicant filed a State Application for writ of habeas corpus which was denied September 27,2006.

## V. FACTS OF THE CASE

The offense for which Applicant stands convicted occurred on August 8,2002 in Trinity County,Texas.

It was alleged that on August 8,2002,Applicant was living at Ed's Marina in Trinity County,Texas  Sss (CR-V.3,Pgs,54,63,81) Casey Sizemore used to live at Ed's Marina and came back amd visited often (CR-V,3.Pg 195).

While there,Sizemore threatened Applicant,severely frightened Applicant See,(CR-V,3.Pgs 116,130,170,173) After threatening Applicant Sizemore drove his car under a pecan tree where Sizemore had a direct view of Applicant's home and continued to intensely stare at Applicant and Applicant's home further intimidated Applicant See (CR-V.3,Pgs 172-173).

Applicant felt the only way to remain safe from Sizemore was to get Sizemore to leave the Marina. Due to Applicant's fear,he decided to confront Sizemore and get Sizemore to leave Ed's Marina. Furthermore, due to his fear of Sizemore,Applicant armed himself with a knife when he went to try to get Sizemore to leave Ed's Marina See (CR-V.3,Pgs 173-174).

During the confrontation between Sizemore amd Applicant,Sizemore pushed Applicant and Applicant used the knife against Sizemore See (CR-V,Pg 174) When Applicant used the knife during the confrontation it resulted in Sizemore's injuries and Sizemore later died due to the lack of medical treatment See (CR-V.3,Pgs,41-42).

Applicant was indicted for both Murder and Aggravated Assault. At trial,the State abandoned the Murder count and only proceeded on the aggravated assault count.Applicant plead guilty to the aggravated assault.

3.

count and true to the enhancement paragraphs.Punishment was then tried by the jury.

## VI. ARGUMENTS

GROUND NUMBER ONE:

> APPLICANT'S ACTUAL INNOCENCE CLAIM,A SCHLUP-TYPE CLAIM,IS A PROCEDURAL CLAIM WHICH APPLICANT'S CLAIM OF INNOCENCE DOES NOT PROVIDE A BASIS FOR RELIEF,BUT IS TIED TO A SHOWING OF CONSTITUTIONAL ERROR AT TRIAL AND ON APPEAL DUE TO INEFFECTIVE COUNSEL IN VIOLATION OF THE U.S.CONST AMENDS VI AND XIV:THAT HAVE PROBABLY RESULTED IN A MISCARRIAGE OF JUSTICE.

There are two types of actual innocence claims that may be raised in a collateral attack on a conviction. A bare innocence claim,or Herrera-type claim "involves a substantive claim in which applicant asserts his bare claim of innocence based solely on newly discovered evidence." Ex Parte Franklin,72 S.W.3d 671,675 (Tex.Crim.App 2002) (citing Schlup V.Delo,531 U.S. 298,314,130 L.Ed 2d 808,115 S.Ct 851 (1995); Elizondo,947 S.W.2d at 208)). The other actual innocence claim, a Schlup-Type claim,we explained "is a procedural claim in which Applicant's claim of innocnece does not provide a basis for relief,but is tied to a showing of Constitutional Error at trial" ibid,(citing,Schlup,513 U.S. at 314).

Applicant's Constitutional Claims are based on the claims of Ineffective Assistance of Counsel at Trial and on Appellate Review as follows;

Generally,a habeas petitioner must show cause and prejudice before a court will reach the merits of a successive,abusive,or defaulted claims. Even if he cannot meet this standard,a court may hear the merits of such

4.

claims if failure to hear them would result in a "Fundamental Miscarriage of Justice". Applicant's claims applies under the standard based on his (New Claims) not previously raised which constitutes an abuse of the writ under, McCleskey V.Zant,499 U.S.467,111 S.Ct 1454,113 L.Ed.2d 517 (1991). The Fundamental Miscarriage of Justice exception applies where a petitioner is "Actual Innocent" of the crime of which he was convicted or the penalty which was imposed. See,e.g.Kuhlmann V.Wilson,477 U.S.436,106 S.Ct 2616,Id.

1).    Applicant was denied his Constituional Right to effective counsel to research the law of this case and advance (Applicant's) only defense of justification of necessity,or self-defense,and or self-defense apparent danger,after Applicant (Admits) to the offense of Aggravated Assault under Section 22.02 of the Texas Penal Code,and through Applicant's own testimony raised a defense in this case under Sections 9.02,9.22,and 9.31 of the Texas Penal Code,denied Applicant a fair trial,a fundamental error. (See.CR,In Ground of Error Number One).

2).    Applicant was denied his Constitutional Right to effective counsel to object to the Court's charge to the jury to preserve any error for (Appellate Review) as required by (Texas Law) under Art 36.14 of the Texas Code of Criminal Procedure,denied Applicant's Right of preserving the error for Appellate Review under Rule 33.1 of the Texas Rule of Appellate Procedure,denied Applicant a fair trial.a fundamental error and Constitutional Violation under the VI and XIV Amends of Texas and United States.(See.CR,In Ground of Error Number Two).

3).    Applicant was denied his Constitutional Right to effective counsel of failure to request a jury instruction that the Court charge the jury

5.

on th law of justification of necessity of self-defense,and or self-defense apparent danger,raised by the evidence of Applicant's own testimony under Section 9.31 of the Texas Penal Code,precluded the jury from giving effect to the Applicant's only viable defense,denied Applicant a fair trial,a fundamental error,and in violation of the Texas and United States Constitution VI and XIV Amendments. **id Court Records.**

## CONSTITUTION VIOLATION OF INEFFECTIVE COUNSEL ON DIRECT APPEAL:

4). Applicant was denied his Constitutional Right to effective Appellate Counsel of Counsel's failure to raise an issue arguing that trial Counsel were ineffective in failing to ; 1).Research the law available in this case and advance the law regarding Applicant's only defense of justification of necessity of self-defense,or and self-defense apparent danger.; 2). Object to the charge by the Court to the jury to preserve the asserted error for Appellate review.;3). Request a jury instruction that the Court's charge charge the jury on the law of justification on necessity of self-defense, or and self-defense apparent danger that precluded the jury from giving effect to Applicant's only defense Constituted Ineffective Assistance of Counsel on Appeal in Violation of the Texas Constitution and U.S.Const VI and XIV Amendments.

5). Applicant was denied his Constitutional Right to effective Appellate Counsel Where Counsel was Ineffective on direct appeal when Counsel presented a CLAIM of arguable merits of victim's character evidence is allowed,and (Affirmatively) argued against Applicant's case,that the trial Court should have allowed testimony from witness,Julie Loitz,about the victim's

6.

prior convictions of drug charges,and Counsel relied upon Article 38.36 of the Texas Code of Criminal Procedure. This statutory provision only applies to (Murder) prosecutions. Applicant plead guilty to the charge of Aggravated Assault with a deadly weapon under Section 22.02 of the Texas Penal Code,Constituted Ineffective Assistance of Counsel on Appellate Review in Violation of the Texas Constitution and United States Const VI and XIV Amends,a fundamental miscarriage of justice. (See.CR,In Ground of Error No. Two,and Appellate's Brief In Case No.01-03-012118-CR).

GROUND NUMBER TWO:

> APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF
> COUNSEL AT TRIAL IN VIOLATION OF THE TEXAS
> CONSTITUTION AND U.S.CONST VI AND XIV AMENDS

Applicant had a right to Effective Assistance of Counsel is a right guaranteed by the Sixth Amendment of the United States Constitution,See, Strickland V.Washington,466 U.S.668 (1984),applied to the State through the Fourteenth Amendment of the United States Constitution ,See,Gideon V.Wainwright,372 U.S.335 (1963);United States V. Cronic,466 U.S.648 (1984), where Courts considering ineffective assistance of counsel claims must evaluate whether counsel's deficient performance was significant enough to undermine confidence in the result of the proceedings,See,Bell V. Cone,535 U.S.685,695 (2000). Also guaranteed by Article 1,Section 10 of the Texas Constitution,See,Garcia V. State,787 S.W.2d 957,958 (Tex.Crim.App 1990).

The standard for Appellate Review of Effectiveness of Counsel was set-out in,Strickland V.Washington,466 U.S.668,104 S.Ct 2052 (1984), and adopted by the Texas Court of Criminal Appeals,in Hernandez V.State,

7.

726 S.W.2d 53,57 (Tex.Crim.App 1993),and the proper standard for ineffective assistance of counsel at the (Punishment Phase) of a Non-Capital case on Appellate Review,See,Hernandez V.State,988 S.W.2d 770-771-72 (Tex.Crim.App 1999). The two-prong Strickland test,usually is stated as follows;(1) Whether Counsel's Conduct was Deficient,and (2) Whether,But for Counsel's Deficient Performance,The Result Of The Proceedings Would Have Been Different,See, Strickland,104 S.Ct at 2064,2068,id.

It has been held that,even if an Attorney's manner of conducting a trial was trial strategy,it can be so ill-chosen as to render a trial fundamentally unfair.See,United States V.Rusmiael,716 F.2d 301.310 (5th.Cri 1983),"from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel,See,Kenley V. Armontrount,937 F.2d 1498,1304 (8th.Cir),cert denied,502 U.S.964 (1991)."

Even a single error of Counsel may support a claim of Ineffective Assistance if the error was of such magnitude that it rendered the trial fundamentally unfair.See,Nelson V.Estelle,642 F.2d 903,907 (5th.Cir 1981).

1). Applicant would first,urge that his trial Counsel's conduct was deficient in failing to research the law available in this case,and advance Applicant's available defense of justification of Self-defense due to Apparent Danger.Self-Defense is a justification defense for otherwise unlawful conduct.See,Giesberg V.State,984 S.W.2d 245,249 (Tex. Crim.App 1998),cert denied,525 U.S.1147,119 S.Ct 1044 (1999),a defendant is "Justified" in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's

8.

use or attempted use of unlawful force,under the Texas Penal Code §9.31 (Vernon 2014).

A person also has the right to defend against apparent danger to the same extent as if the danger was real.See,Hamel V.State,916 S.W.2d 491,493 (Tex.Crim.App 1996).

In the present case before you,the Applicant Mr.Duke,had a fundamental right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong,unimpeached or contradicted,and regardless whether the trial court finds the defense credible,id,See, Miller V.State,815 S.W.2d 582,585 (Tex.Crim.App 1991).

A claim of (Self-defense Apparent Danger) defense is not required to be included in the charge when the defendant denies any participation in the crime...Sanders V.State 707 S.W.2d 78,81 (Tex.Crim.App 1986). However,when a defendant acknowledges particiation in the offense,his self-defense apparent danger defense is not just a denial of the crime. It is a defense which justifies his conduct in the same manner as an affirmative defense and must be included in the charge.Id .at 81 n.3. Also see,Willis V.State,790 S.W.2d 307,313 (Tex.Crim.App 1990)(that once a defendant admitted to the offense,the Court of Criminal Appeals has held that,a defendant can sufficiently admit the conduct alleged and justify a defensive instrction as in the Applicant's case.Where Applicant admitted to being recklessly in causing bodily injury to Mr.Sizemore,but denied intentionally,knowingly stabbing or cutting sizemore with a knife See (CR.V-3,pgs.8,and 174).

Applicant's Counsel were deficient in failing to research the law available in this case after Applicant admitted to the offense of

9.

Aggravated Assault.

Throughout this trial,it was clear that (Mr.Duke's) and the others "testimony" asserted the claim of "Self-defense" due to Apparent Danger. He also testified about Mr.Sizemore's previous violent threats and conduct toward him and it's impact on him at the time of this offense. This is an established method of proof in raising a defense of Self-defense to an apparent danger.See,Fielder V.State, 756 S.W.2d 309,319-20 (Tex.Crim. App 1988).

Furthermore,in deciding whether to submit a defensive instruction, a Court may not review the truth or credibility of the testimony,but rather only whether it raises the issue of a defense,See,Broussard V.State, 809 S.W.2d 556,558 (Tex.App-Dallas 1991,pet,ref'd). Only the tier of fact has the responsibility to accept or reject a properly raised defensive theory.See, Fleming V.State, 973 S.W.2d 723,725 (Tex.App-Beaumont 1998, no pet ).

In this case,the jury could have believed that while Mr.Sizemore did not participate physically in the altercation,he had been "Out of Control" through his "Threats" and "Assaultive Threats In The Past",Against (Mr.Duke) caused continuous fear in (Mr.Duke) due to Sizemore's threats.

Consequently,there is sufficient evidence in the (Record) to raise the issue of (Self-defense Apparent Danger) as follows:

First,we must review the opening (Statements) of Applicant's trial counsel (CR.V-3,pages 27-28)

THE COURT: All right,Mr.Park,do you wish to make an opening?
MR.PARK: Yes,I do,Your Honor.
May it please the Court,Mr.Mullin,Ladies and gentlemen,I actually agree with a lot of what Mr.Mullin has just told you.Mr.Duke has admitted that he is guilty of aggravated assault.

10.

He has taken responsibility for his actions.He said that he acted recklessly.

We'er also going to admit that he was drunk that night.But these things still don't fit into a vacuum.You're going to learn that

on that night Mr.Duke was suffering from a spinal disease,arthritis, a broken wrist,two broken fingers,he had been clinically diagnosed with depression and post-traumatic stress syndrome as a result of his being a marine in vietnam. This is not a man who was healthy. Mr.Sizemore was a 33-year-old man.He was healthy. And there is a reason Mr.Duke was upset and went down there carrying that knife. No.1,he was scared. No.2, he wanted to tell Mr.Sizemore to leave. The reason he was telling him to leave is because Mr. Sizemore has just threatened this man and had been shoving him around threatened to kill him. You will also learn that he threatened to beat him up several times in the past. Now,we must consider the (Testimony) of the Applicant and his

(Initial) plea of (Not Guilty) during Voir Dire Preceedings (CR.V-2,pgs 20-21)

THE COURT: This is on the record.Your true and correct name is James Albert Duke; is that correct? THE DEFENDANT: Yes. THE COURT: Mr.Duke,you were originally indicted in cause No.8574; and he reindicted you in Cause No.6871. Do you understand that? THE DEFENDANT: Yes. THE COURT: You were--MR.RIDLEY: You have read them. THE COURT: Have you read the indictment pending against you? THE DEFENDANT: Yes. THE COURT. Do you want to waive formal reading of that at this time? THE DEFENDANT: Yes. THE COURT: Do you wish to enter a plea of not guilty at this time? THE DEFENDANT: Yes.

(CR.V3.pg,7-8)

Mr.Duke,you understand what they are saying you did in Count II of this indictment as to the aggravated assault with a deadly weapon? THE DEFENDANT: Yes. THE COURT: How do you plead to that alleagtion? THE DEFENDANT: Guilty,Your Honor.

11.

THE COURT:Has anyone threatened you in any way to plead guilty?

THE DEFENDANT: No.THE COURT: Has anyone promised you anything to plead guilty?THE DEFENDANT: NO.

THE COURT: The Court will find your plea of guilty is freely and voluntarily amitted to.Is there any evidence to offer by the State?

MR.MULLIN: Your Honor,the State offerd the stipulation of evidence.

MR.RIDLEY: No Objection.

On direct examination;Applicant testified and presented evidence of

(Self-defense Apparent Danger) (CR.V.3 pg,160-177)

Q. Now,you have hung around with Casey Sizemore quite a bit before that evening,too;is that correct?

No,Not particularly hung around with him.He had lived up behind where I did.

Q. You were acquainted with him?

A. I was acquainted with him.

Q. Had he in the past ever threatened you?

A. Beg your pardon?

Q. Had he threatened you before that?

A. Yea,he had.That wasn't the first time he threatened me.

Q. Would you tell us about some of those threats,some of the things that he had said in the past before that night?

A. Before that night he had told you that he didn't have any problems, you know,killing somebody.He told me that-well,it was one of the threats is,you know, "Hey,I don't have no problem with killing somebody." Then he told me,he said," I was in the pen for drug dealing and I don't have any problem with any of this."

(CR.V.3pg 173-174)

Q. So you went down there for what reason?

A. To run him off,make him leave.

Q. And why did you have the knife when you went down there?

A. Well,I knew what was going to happen to me.

Q. You knew what was going to happen to you?

12.

A. He had made it plain and clear what he was going to do and what he was going to do it.

Q. What happen to you down there?

A. He shoved me. Well,I told him to leave again.He said,"F-U" ,He shoved me with both hands on the chest.And when he did,I come up like that.And it's--

Q. Where did you stab him?

A. I don't really know.I just knew I stabbed at him.I saw the blood and stuff.I knew it was up here.He fell.

On cross-examination;Applicant continue to give evidence of self-defense apparent danger (CR.V-3.pg,177)

BY MR.MULLIN:

Q. Mr.Duke,I'm curious.Do you think Casey Sizemore's family feels bad today?

A. Yes,sir,I do.

Q. Mr.Duke,your lawyer just asked you if it was reckless to go down there with a knife.You actually intended to take the knife with you, though,didn't you?

A. Yes.

Q. So that was not a reckless act?That was actually an intentional act, right,to take the knife with you?

A. it--yeah,to take it down there.It was a stupid act,yes.

Q. So you are not as responsible,then,if it's just stupid.Would you agree?

A. I didn't carry the knife down there intentionally.It was out of protection.

Q. You admitt to carrying it down there?

A. I had already admitted it.

(CR.V-3,pgs 190-91)

Q. Okay,But that didn't upset you at all,did it?

A. Yes.it upset me,as far as the point that he didn't leave.I had told him to leave,and he didn't leave.And as far as the point was that I knew he was going to come back up there.

13.

And I did ,so you say,a reckless thing.I armed myself,and I went down there and confronted him again and run him off.

Q. Let's be clear.You are the one that keeps saying things like "stupid" and "reckless." Are they stupid and reckless,or did you mean to go down there with a knfie?

A. At the time I suppose i did.i put it in my hand.

Q. So--

A. I didn't go down there to use it.

Q. But you did,didn't you?

A. Yes,sir,I did.

Q. And you said in your statement--I'm going to read you afew excerpts because I have a transcript of what we heard today.And then I'm going to ask you a question about it. You said, "all I wanted him to do was leave.i told him he didn't need to come back.I wish he had went on home.If he hadn't shoved me. I wouldn't have stabbed him.All I wanted him to do was leave.All I wanted to do was get in his car and go.I wish he would have just went on home?"
Do those sound like the statement of a man who thinks this is his fault? Aren't you putting it off on Casey?

A. I guess it could be on both of us actually.It's--
I was going down there with a knife ,him threatening me and shoving me around.So which is right and which is wrong,I don't know. This is why we are here.i don't know.

Q. Casey--you still don't know which is right and which is wrong?
Is that what you are saying?

A. It was wrong of me to go down there with a knife,yes.

Q. Was it wrong for you to stab him to death?

A. Yes.

Q. Did he ever threaten you with a weapon?

A. He didn't need a weapon.

Q. He didn't what?

A. He wouldn't need a weapon.

14.

Q. So you're not hedging your bets here just a little bit when you s
"Well,I really don't know what is right and what is wrong.That's why
we'er here?" Aren't you kind of equivocating a little bit?

A. No.Sir,I'm not.

MR.PARK: Objection,Your Honor.He said it was wrong to go down there.

THE COURT: All right,I'll sustain your objection.

Now we must consider and review Applicant's Counsel's closing

arguments: (CR.V-3,pgs 214-218)

MR.PARK: If it pleases the Court,ladies and gentlemen,I would like to
thank you all for coming here and servinng on this jury.One thing that
Mr.Mullin said is absolutely right.Our client has pled guilty.He has
admitted his guilt in this case.So today everything that we have done
is not--didn't have anything to do with justification.There is no
justification for what he did.
What we'er trying to do today is mitigate,that is trying to lessen,
show you the circumstances surrounding this crime that he did commit
and show you why you should not give him as mush time in jail.
Now,Mr.Duke took responsibility when he came in here and he pled guilty.
He admitted that he was wrong.And I think that that is in line with
what he has done throughout this entire case,other than the crime itself.
After he committed that crime,he went straight up there;and he admitted
to his brother and admitted to the Whites what he had done.He didn't
try to run.He didn't try to hide.He didn't try to throw that weapon
out there in the lake.He brought it right up to his brother.
When the police came,again,he didn't try to flee.He didn't try to
run anywhere.He came up and told the police,"Yes,I am the one you
are looking for."
When they came and asked him to make a statement,again,he didn't
say,"Well,no,I want to talk to my lawyer.I don't want to say anything
at all." He went out there and voluntarily made a statement.
Now,this is significant because it means that the only reason we
know what happened,about him stabbing Casey Sizemore,is because

15.

he admitted it. He didn't try to hide anything.he has not came
in here with any self-serving statements.All along he has faced up
to his responsibilities and admitted to what he did.
Now,lets take a look at what might mitigate the circumstances,
other than him being honest and responsible. On that evening,
August the 8th 2002,James Duke--you saw his wrist.I mean,that
wrist isn't just broken.it's horribly broken,he had two broken
fingers.The man had spinal disease,was suffering from seizures,
had post-traumatic stress syndrome,and had servere depression.He
was on all kinds of medication.Now,we had an expert psychologist
come in here and tell you that all these things make him more
prone to fear,to anxiety,to thinking peoplt are threatening him,
whether they are or not.
Let's take a look at Casey Sizemore.He didn!t deserve to die.
What James Duke did to him was absolutely wrong.Casey was a man
about my age.I don't like the idea of him dying like that.I
don't like what James Duke did.But Casey Sizemore--and here we've
got a guy who defines himself with tattoos that say "outlaw"
and "Stoned again" and have knives stabbed down through skulls,
eight-point daggers. He comes up to this man and starts threatening
James Duke.James Duke told you he had threatened to kill him before.
James Duke told you he had been in the pen.James Duke told you he
had seen him dealing drugs,using cocaine out there on a regular
basis and was not a nice guy.
He is a young,healthy man.This is a beat up,old man over there.
He came up there and startes shoving him around,cussing him out,
saying he is going to whip his ass and saying he is going to kill
him and he has done this on several occasions in the past.
James Duke finally had enough.But he wasn't going down there to
kill him.He did commit a crime,but he did not intentionally
go down there to kill this guy.He did intentionally bring that
knife down there,but he told you he wanted the guy to leave.
And that's what we really wish in this case.We wish,first
of all,that James Duke had not stabbed Casey Sizemore.That's the
No.1 thing we wish.

16.

Secondly,we wish that Casey Sizemore had left.That's all he had to do.But he didn't.He gets over there and tells him again, "I'm going to whip your ass,shoves him again."

Folks,this is a case of a young man who did not deserve to die but who shoved around a beat up,old man one too many times.That does not justify what he did,but we hope that you will have mercy in light of all the circumstances of this case.Thank you.

You must also consider the (State's) prosecutor's closing arguments by Mr.Mullin (CR.V-3.pgs 218-227).

The trial court must charge the jury on any (Defensive Issue) raised by the (Evidence),"Regardless of it's substantive character." See, Brown V.State,955 S.W.2d 276,279 (Tex.Crim.App 1997)(quoting Williams V. State,630 S.W.2d 640,643 (Tex.Crim.App 1982).

Self-defense,like other chapter nine defenses justifies conduct that would otherwise be criminal,See.Vanbrachle V.State,179 S.W.3d 708, 715 (Tex.Crim.App 2005)(citing Young V.State,991 S.W.2d 835,838 (Tex.Crim. App 1999);Wallace V.State, 75 S.W.3d 576,587 (Tex.App-Texarkana 2002),aff'd 106 S.W.3d 103,109 (Tex.Crim.App 2003). In other words,the defendant must "Admit" violating the (Statute) under which he is being tried,then offer a statutory justification for his otherwise criminal conduct.Young, 991 S.W.2d at.838. Thus,a defendant is not entitled to a jury instruction on "Self-Defnse" if through his own testimony or the testimony of others, he claim that he did not perform the assaultive acts alleged,or that he did not have the requisites culpable mental state,or both,See,Ex Parte Nailor 149 S.W.3d 125 ,134 (Tex.Crim.App 2004);East V.State, 76 S.W.3d 736, 738 (Tex.App-Waco,2002,no pet);Wallace,75 S.W.3d at.587;Gilmore V.State, 44 S.W.3d 92,97 (Tex.App-Beaumont 2001),pet ref'd).Anderson V.State,11 S.W. 3d 369,372 (Tex.App-Houston [1st Dist] 2000,pet ref'd).

17.

Applicant's trial counsel were deficient in failing to know the law available to Applicant's case.

Counsel failed to acknowledge that a defensive issue may be raised solely by the Applicant's testimony.See,Pierini V.State, 804 S.W.2d 258, 260 (Tex.App-Houston [1st Dist]1991,pet ref'd).In determining whether testimony of the Applicant raises an issue of self-defense,the truth or credibility of the Applicant's testimony is not at issue.See,Rodriguez V. State,544 S.W.2d 382,383 (Tex.Crim.App 1976).(CR.V.3,pgs,160-191).

If the defensive theory is raised,and the trial court is timely and properly requested to instruct the jury on the theory,the trial court must instruct the jury on the raised defensive theory.See, Thompson V.State 521 S.W.2d 621,624 (Tex.Crim.App 1974).

"[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." See,Texas Penal Code Ann §9.31 (Vernon Supp 2002).

To rely on "Self-defense" the Applicant must first admit committing the conduct which forms the basis of the indictment;the defense is inconsistent with a denial of the conduct.See,Kimbrough V.State, 959 S.W.2d 634,640 (Tex.App-Houston [1st Dist]1995,pet.ref'd);MacDonald V. State,761 S.W.2d 56,60 (Tex.App.Houston [14th Dist]1988,pet.ref'd).All statutory affirmative defenses "Justify the Applicant's admitted participation in the act it self." See,Sanders V.State, 707 S.W.2d 78,81 (Tex.Crim.App 1986).

However,the Court of Criminal Appeals has explained that "Admitting the Conduct" does not always mean admitting the commission of every

18.

"Statutory Element" of the offense. For example,in Martinez V.State, the defenant was charged with murder,Martinez V.State,775 S.W.2d 645,645 (Tex.Crim.App 1989). He admitted to pulling a gun,firing into the air, and having his finger on the trigger when the fatal shot was fired.Id at 647. However,he denied the element of "Intent to Kill,"**id.** The Court held he had "sufficiently admitted to the commission of the offense."**id.** (See cases in accord cited therein);Torres V.State,7 S.W.2 712,715 (Tex.App-Houston [14th Dist] 1999,no pet);See also,Willis V.State,790 S.W.2d 307,314 (Tex.Crim.App 1990),(denial of the "intent " element of the theft does not automatically negate an affirmative defense).

The right to present a defense is a fundamental element of due process,See.Washington V.State,388 U.S. 14, 19, 87 S.Ct 1920,1923,18 L.Ed.2d 1019,1023 (1967);See also Tex.Const.art. I,§ 19.Evidence of Applicant's (Fear) of Casey Sizemore and Sizemore's threats in the past and of being out-of-control of being physically assaultive in the past was sufficient evidence to raise the issue of (Self-defense Apparent danger).Thus,counsel's failure to acknowledge the law available in this case was = deficient performance by counsel.

An attorney representing a criminal defendant is charged with making an independent investigation of the facts of the case,See,McFarland V.State,928 S.W.2d 482,501 (Tex.Crim.App 1996),Ex Parte Duffy,607 S.W.2d 507,516 (Tex.Crim.App 1980)(Plurality Opinion). This encompasses the duty to conduct a legal and factual investigation and to seek out and interview potential witnesses.See,Ex Parte Welborn,785 S.W.2d 391,393 (Tex.Crim.App 1990).The duty to investigate,at least since **Strickland,**

19.

is not categorical.See,McFarland, 928 S.W.2d at 501. Rather,Counsel has a duty to make reasonable investigations or make a reasonable decision that makes a particular investigation unnecessary.See,id. The decision not to investigate "must be directly assessed for reasonableness in all the circumstances,applying a heavy measure of deference to counsel's judgment." id. However,a conviction can be reversed where a defendant's only viable (Defense) available is not advanced and "there is a reasonable probability that but for counsel's failure to advance the (Defense of Self-Defense Apparent Danger) as in the present case before you,the result of the proceeding would have been different."Strickland, 466 U.S. at 694, 104 S.Ct 2052, Duffy 607 S.W.2d at 517. The failure of Applicant's trial counsel to seek out the law available to the Applicant's (Defense) denied Applicant a fair trial ,a fundamental right and his Six Amendment Right to adequate Counsel at trial.

2). Applicant would now urge that his trial counsel's conduct was deficient in failing to object to the Court's (Charge To The Jury) to preserve any error for (Appellate Review) under Article 36.14 and 36.19 of the Texas Code of Criminal Procedures.We also,must consider Rule 33.1 of the Texas Rule of Appellate Procedures.See,Posey V.State,966 S.W.2d 57 (Tex.Crim.App 1998);citing Almanza V.State, 686 S.W.2d 157,160-74 (Tex.Crim.App 1984);Also see,Vasquez V.State, 830 S.W.2d 948,951 (Tex.Crim App 1992).

In the present case before you,Applicant's trial counsel failed to (Object) to the Court's Charge To The Jury as required by Art 36.14 of the Texas Code of Criminal Procedures to preserve the error for

20.

Appellate Review as required by Rule 33.1 of the Texas Rule of Appellate

Procedures.

First we must consider Article 36.14 of the Texas Code of Criminal

Procedures as follows:

" Before said charge is read to the jury,the defendant or his
counsel shall have a reasonable time to examine the same and he
shall present his objections thereto in writing,distinctly specifying
each ground of objection.Said objections may embody error claimed
to have been committed in the charge,as well as errors claimed to
have been committed by omissions therefrom or in failing to charge
upon issues arising from the facts,and in no event shall it be
necessary for the defendant or his counsel to present special
requested charges to preserve or maintain any error assigned to
the charge,as herein provided.The requirement that the objections
to the Court's charge be in writing will be complied with if the
objections are dictated to the court reporter in the presence  of the
Court and the State's counsel,before the reading of the court's
charge to the jury.Compliance with the provisions of this Article
is all that is necessary to preserve,for review,the exceptions
and objections presented to the charge and any amendment or
modification thereof. In no event shall it be necessary for the
defendant to except to the action of the court in over-ruling
defendant's exceptions or objections to the charge."

It is clear that Applicant's trial counsel failed to request an objection

to the Court's Charge,nor did he request an instruction as to the (Defense

of Self-defense Apparent Danger).

THE COURT: I believe you both have been tendered a copy of

the proposed charge on punishment.I'll give you an opportunity

to review it and see whether or not there are any changes or

corrections that needs to be made.

THE COURT: No objections on behalf of the defendant?

MR.PARK: No objections,Your Honor (CR.V,3.pgs,203-207).

The trial court presented the following charge to the jury without any

objections by Applicant's trial counsel as follows;

James Albert Duke,the Defendant,stand charged with the offense of
Aggravated Assault With A Deadly Weapon in Count II of the indictment
alleged tohave been committed in Trinity County,Texas,on or about

21.

the 8th day of August,2002.

To this charge the Defendant has plead "Guilty." The Defendant has presented in entering such plea even after the trial court admonished him of the consequences of the plea.It plainly appears to the Court that the Defendant is competent to stand trial and is not influenced to make this plea by any consideration of fear,nor by any persuasive or delusive hope of pardon prompting him to confess his guilt. Therefore,the Defendant's plea of guilty is received by the Court. You are instructed to find the Defendant guilty as charged and assess his punishment.

The punishment authorized for the offense of Aggravated Assault With A Deadly Weapon is by imprisonment in the Texas Department of Criminal Justice-Institutional Division for ant term of not more than twenty (20) years or less than two (2) years. In addition to imprisonment,you may assess a fine not to exceed $10.000.00.

In addition,the indictment alleged the Defendant should be punished as a repeat offender,namely,the Defendant has been at least once before convicted of a felony offense. To that allegation,the Defendant pleaded,"True."

The Defendant has persisted in entering such plea even after the trial court admonished him of the consequences of the plea. It plainly appears to the Court that the Defendant is competent to stand trial and is not influenced to make this plea by any consideration of fear,nor by any persuasive or delusive hope of pardon prompting him to plead true. Therefore,the Defendant's plea of true is received by the Court.

The jury is instructed to find the allegation true and so state in your verdict,and you must assess punishment at imprisonment in the Texas Department of Criminal Justice -Institutional Division for Life or for any term not more than ninty-nine (99) years nor less than five (5) years. In addition to imprisonment,you may assess a fine not to exceed $10.000.00.

Under the law applicable to this case,the Defendant,if sentenced to a term of imprisonment,may earn time off the period on incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior,diligence in carrying out prison work assignments,and attempts at rehabilitation. If a prisoner engages in misconduct,prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

22.

Under the law applicable to the offense of Aggravated Assault With A Deadly Weapon as charged in Count II in the indictment, if the Defendant is sentenced to a term of imprisonment,he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years,whichever is less,without consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than four years,he must serve at least two years before he is eligible for parole. Eligibility for parole does not quarantee that parole will be granted.

You are further instructed that in fixing the Defendant's punishment,which you will show in your verdict,you may consider all of the facts shown by the evidence admitted before you in the full trial of this case,and the law submitted to you in this charge.

You are the exclusive judge of the facts proved,of the credibility of the witnesses and of the weight to be given to the testimony,but you are bound to receive the law from the Court,which is herein given to you,and be governed thereby. in arriving at the amount of punishment,you are not to fix the same by lot,chance or any other method than by full,fair and free exercise of the opinion of the individual jurors.

After the Court reads this charge,you may not separate from each other,nor may you talk with anyone not of your jury.After argument of counsel,you must retire and setect one of your members as a presiding juror. The presiding juror's duty is to preside at your deliberations and to vote with you in arriving at a unanimous verdict. After you have arrived at your verdict you must have your presiding juror indicate the jury's verdict by signing same.

After you have retired to consider your verdict,no one has any authority to communicate with you except the officer who has you in charge.You may communicate with the Court in writing, signed by your presiding juror,through the officer who has you in charge. Do not attempt to talk to the officer,the attorneys, or the Court concerning questions you may have. See (Clerk's Records Volume one of one,Vol-015.551-553).

Now we must consider Article 36.19 of the Texas Code of Criminal Procedures as follows;

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14,36.15,36.16,36.17 and 36.18 has been disregarded,the judgment shall not be reversed

23

unless the error appearing from the record was calculated to injure the rights of defendant,or unless it appears from the record that the defendant has not had a fair and impartial trial.All objections to the charge and the refusal of special charges shall be made at the time of the trial."

Article 36.19 prescribes the manner in which jury charge err is reviewed on appeal. First,an appellate court must determine whether error exist in the jury charge. Second, the appellate court must determine whether sufficient harm was caused by the error to require reversal.The degree of harm necessary for reversal depands ,upon whether the error was preserved. Error properly preserved by an objection to the charge will require reversal as long as the error is not harmless. We interpreted this to mean any harm,regardless of degree,is sufficient to require reversal.

However,when the charging error is not preserved a greater degree of harm is required. This standard of harm is described as "egregious harm." Applicant's error whcih resulted in egregious harm that affects the very basis of the case,deprived the Applicant of a valuable right that vitally affect Applicant's defense.**id.**

In either event,when conducting a harm analysis the reviewing court may consider the following four factors; 1).the charge it self; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and, 4) any other relevant information revealed by the record of the trial as a whole.See. Hutch V. State,922 S.W.2d 166,170-71 (Tex.Crim.App 1996).

Article 36.19 "separately contains the standard for both fundamental error and ordinary reversible error." See.Almanza V.State. 686 S.W.2d 157.171 (Tex.Crim.App.1984).

24.

Now we must consider Rule 33.1 of the Texas Rule of Appellate Procedures as a prerequisite to presenting a complaint for Appellate review,the record must show that; 1) the complaint was made to the trial court by a timely request,objection,or motion that stated the ground for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint,unless the specific grounds were apparent from the context.

Applicant's counsel's conduct was deficient in failing to object to the Court's Charge To The Jury to preserve the error for appellate review.See Ex Parte Cripen,777 S.W.2d 103 (Tex.Crim.App 1989);Writ granted where counsel failed to raise an objection or raise the wrong objection to an error in the trial proceedings,waived your substantial rights and forfeited your procedural rights,as in Applicant's case.See.Jiminez V. Estelle, 557 F.2d 506 (5th Cir 1977);Wainwright V.Sykes,433 U.S. 72,97 S.Ct 2497 (1977).

The failure of Applicant's trial counsel to (Object) to the court's charge to the jury denied Applicant a fair trial,a fundamental right and his Six Amendment Right to adequate Counsel at trial. Court must also apply Rule 44.2 of the Texas Rule of Appellate Procedures to the error in the court's punishment phase of Applicant's trial.

3). Applicant would now urge that his trial counsel's conduct was deficient in failing to (Request A Jury Instruction) that the court instruct the jury on the law of justification of Self-Defense,and Self-Defense Apparent Danger,pursuant to Texas Penal Code ,section §9.31,

25.

and Texas Code of Criminal Procedures Article 37.07,Sec.3(a)(1),(b).

We must frist consider Art.37.07:

Sec.3. Evidence of prior criminal record in all criminal cases

after a finding of guilty.

(a)(1)  Regardless of the plea and whether the punishment be assessed by
the judge or the jury,evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing,
including but not limited to the prior criminal record of the
defendant,his general reputation,his character,an opinion
regarding his character,the circumstances of the offense for
which he is being tried,and,notwithstanding Rule 404 and 405,Texas
Rule of Evidence,any other evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have
been committed by the defendant or for which he could be held
criminally responsble,regardless of whether he has previously been
charged with or finally convicted of the crime or act.A court may
consider as a factor in mitigating punishment the conduct of a
defendant while participating in a program under Chapter 17  as
a condition of release on bail.Additionally,notwithstanding Rule
609(d).Texas Rules of Evidence,and subject to Subsection (h),
evidence may be offered by the state and the defendant of an
adjudication of delinquency based on a violation by the defendant
of a penal law of the grade of:

(b)  After the introduction of such evidence has been concluded,and
if the jury has the responsibility of assessing the punishment,
the court shall give such additional written instructions as may
be necessary and the order of procedure and the rules governing
the conduct of the trial shall be the same as are applicable on
the issue of guilt or innocnece.

See.Ferrel V.State,55 S.W.3d 586,591 (Tex.Crim.App 2001);where the court

ruled that a defendant entitled to instruction on defensive issue if

the issue is raised by the evidence.

On proper request,the court's is required to charge on any defensive

theory that is raised by the evidence See.Green V.State,566 S.W.2d 578,

584 (Tex.Crim.App 1978). The defendant's testimony along may be

sufficient to raise a particular theory. Further,the defendant is

entitled to such an affirmative defensive charge regardless of whether

26.

the testimony raising the theory is strong or feeble,unimpeached or contradicted,even if the Court is of the opinion that it is unbelievable .See, Hays V.State, 728 S.W.2d 804,807-08 (Tex.Crim.App 1987);whether belief in need to use force is "reasonable" is fact issue for jury to decide.

The defendant is entitled to receive as many defensive instructions as are raised by the evidence. The fact that the defenses may actually conflict with each other does not bar the defendant from receiving an instruction on each one.See,Booth V.State,679 S.W.2d 498,500,502 (Tex.Crim. App 1984). Had Applicant's trial counsel actually requested an instruction on the issues of (Self-Defense,and Self-Defense Apparent Danger) pursuant to § 9.31 of the Texas Penal Code . The requested charge on a defensive issue should not only give a general explanation of the law,but should also apply the law to the facts. The failure to do this may result in a finding that the trial court was not properly apprised of the nature of the defendant's complaint.See,Hefner V.State, 735 S.W.2d 608,622(£Tex. App-Dallas 1987,pet ref).

While the trial court has an affirmative duty to instruct the jury concerning some issues even in the absence of a request or objection See,Texas Code of Criminal Procedure Art.36.14, defensive matters generally are considered strategic and the failure to instruct is not error in the absence of request or objection to the omission of a charge on a defensive issue.See,Posey V.State, 966 S.W.2d 57.62 (Tex. Crim.App 1998); Rogers V.State, 653 S.W.2d 122,124 (Tex.App-Houston [1st Dist]1983,pet ref);White V.State, 495 S.W.2d 903,904 (Tex.Crim.App 1973).

27.

A defense attorney's failure to request a jury instruction can render his assistance ineffective if,under the particular facts of the case,the trial judge would have errored in refusing the instruction had counsel requested it. See,Vasquez V.State,830 S.W.2d 948,951 (Tex.Crim.App 1992). In the present case before you,the record will show that Applicant's counsel's failure to request a jury instruction on the defensive issues of (Self-Defense,and Self-Defense Apparent Danger) was not based on sound strategy.See Court Records.Reporter's Record-Volumes 1 through 4 of 4, Trial Court Cause No.8671,as a hold. Will show that Applicant's trial counsel's performance was deficient because he failed to request an instruction and object to the jury charge both of which Applicant asserts were based on an invalid felony of (Murder) after the state abandoned count one of the indictment.The second count of the indictment based on the underlying Aggravated Assault that without the appropriate jury instruction and objection,was predicated on the underlying offense of the abandoned (Murder) charge id, (CR.V-3,pgs 3-234).

Applicant's counsel's conduct was deficient,and but for counsel's deficient performance,the result of the proceeding would have been different. **Strickland 104 S.Ct at 2064,2068.** Denied Applicant a fair trial, a fundamental right and his Six Amendment Right to adequate Counsel at trial.The Court must also consider Rule 44.2 of the Texas Rule of Appellate Procedures to Constitutional error in the sentencing phase of trial.

28.

GROUND NUMBER THREE:

APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF
COUNSEL ON APPELLATE REVIEW IN VIOLATION OF
THE TEXAS CONSTITUTION AND U.S.CONST VI AND
XIV AMENDS

It is well established that a defendant is entitled to the effective assistance of counsel as required by the Sixth and Fourteenth Amendments See,Gideon V.Wainwright, 372 U.S. 335,83 S.Ct 792 (1963). Effective assistance is denied if "Counsel's representation fell below an objective standard of reasonableness," and 'there is a reasonable probability that, but for counsel's unprofessional errors,the result of the proceeding would have been different.' See,Strickland V.Washington, 466 U.S. 668 (1984).

Due process requires that a defendant have effective assistance of counsel on his appeal.See, Evitts V. Lucey, 469 U.S. 387 (1985). Effectiveness of Appellate Counsel is judged by the **Srickland test,id** See, Teague V.~~State~~ Scott, 60 F.3d 1167,1174 (5th Cir 1995). Under the Strickland test,it is not necessary to show that the Applicant received a fair appeal or that the outcome would have been different.Rather,it must be shown that the Applicant receive a fair appeal and result of which is worthy of confidence.

Although appellate counsel is not required to raise every non-frivolous claim and may be selective in including or inclusion of issues in order to maximize success,counsel has an obligation to raise determinative issues.See,Smith V.Robbins, 528 U.S. 259 (2000). In this regard,several federal circuits have held that appellate counsel is ineffective if counsel fails to raise a claim that qualifies as a

29.

"dead bang" winner.See, Upchurch V. Bruce, 333 F.3d 1158 (10th Cir 2003); Cargle V.Mullin, 317 F.3d 1196 (10th Cir 2003);Fagan V.Washington, 942 F.2d 1155,1157 (7th Cir 1991). These are not just the failure to raise a substantial claim can be indicative only of the oversight or ineptitude, See, Fagan,942 F.2d at 1157. See also, Vens V.Clarke,680 F.Supp 1351 (D.Nebraska 1985)(denied effective assistance of appellate counsel warranted habeas relief where claims not presented on direct appeal had at least arguable merits and counsel affirmatively argued against his clients's case).

In Stllings V. United States,536 F.3d 624 (7th Cir 2008),the court stated that where a petitioner alleges ineffective assistance of appellate counsel,the appellate court first examines the record to see whether counsel omitted significant obvious issues and,if so,the court than compares the neglected issues to those actually raised. If the ignored issues are clearly stronger than those raised,appellate counsel was deficient.See,Passmore V.Estelle,594 F.2d 115 (5th Cire 1979) (Finding appellate counsel ineffective).

1). On direct appeal Appellate Counsel raised the issue of;The Court Erred By Not Allowing Testimony Regarding ' Casey Seizmore's Criminal History And Criminal Background During The Punishment Phase Of Trial. (Appellate Brief,pg.2). Counsel argues as follows; It is clear that victim character evidence is allowed in the punishment phase of a trial. There is no more a case where this is true than in a (Homicide Case). Particularly when the victim character evidence goes to show the state of mind of the accused. As a matter of fact,the Code of Criminal Procedure Art.38.36,codifies this point by allowing any relevant evidence

that would show the state of mind of the accused.(Appellate Brief,pgs,4-5).

Appellate Counsel's argument that the trial court should have allowed testimony from witness,Julie Loitz,about the victim's prior convictions on drug charges.Appellate Counsel relies upon Article 38.36 of the Texas Code of Criminal Procedure;however,this statutory provision only applies in a murder prosecution. In the case at bar,the State abandoned the charge of murder,and the Appellant pled guilty to the charge of Aggravated Assault with a Deadly Weapon.

The law is clear that evidence of a victim's criminal background in a murder case is limited to relevant evidence which shows the prior violent relationship between the victim and the accused,and which sheds light on the accused's state of mind. The evidence Appellant proposed to introduce had no bearing whatsoever on whether or not the victim had a violent relationship with Appellant. In fact,the evidence of Casey Sizemore's prior drug offenses was not shown to be related to Appellant at all,or to have influenced their relationship.It was therefore proper for the trial court to refuse to introduce the "have you heard" questions sought to be elicited through Julie Loitz.

2). Applicant's Appellate Counsel were ineffective in failing to raise the following issues on direct appeal.(1) Counsel's failure to research the law available in this case and advance the law regarding Applicant's only defense of justification of self-defense,and self-defense apparent danger,Texas Penal Code Art.9.31 ;(2)Counsel failure to object to the court's charge to the jury to preserve the asserted error for appellate review.,and(3).Counsel's failure to request a jury instruction that the

31.

Court's charge charge the jury on the law of justification of self-defense and self-defense apparent danger ,that it's preclusion precluded the jury from giving effect to Applicant's only defense ,constituted ineffective assistance of Appellate Counsel.

In both issues,Appellate Counsel was ineffective for having failed to appropriately apply the correct law to the asserted issues on appellate review,and failure to raise the issues on direct appeal,violated Applicaant's Sixth and Fourteenth Amendment Rights to effective counsel on appeal.See Evitts V.Lucey, 469 U.S. 387,396-97, 105 S.Ct 830 (1985)(Right to effective assistance of counsel on first appeal as of right). To sustain these contentions,Duke,have shown that (1) his attorney was objectively unreasonably in failing to apply the correct law to the facts or argument on appeal,and failing to discover and raise the issues of counsel's failure to research the law,Object to the court's charge to the jury to preserve the error for appellate review,and failure to request a jury instruction on the issue of Applicant's only defense of Self-defense,and Self-defense apparent danger,and (2) but for this failure,he would have prevailed on appeal. See,Smith V.Robbins, 528 U.S. 259,285,120 S.Ct 746 (2000); Daigle,848 S.W.2d at 692.

NECESSITY FOR A HEARING

Under Art.11.07 Texas Code of Criminal Procedure,this Court should set this matter for an evidentiary hearing in order to resolve the controverted,previously unresolved fact issues that are raised by this Applicant. It is only through an evidentiary hearing that the truth of these allegations will be determined.

32.

WHEREFORE,PREMISES CONSIDERED, Applicant prays that the relief prayed for be granted and his Sentence be Vacated and his direct Appeal Be Reinstated. Pursuant to 44.2 of the Rule of Appellate Procedure.

RESPECTFULLY SUBMITTED,

James Albert Duke
TDCJ# 1188448/Eastham
2665 Prison Rd.01
Lovelady,Texas 75851

Applicant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Applicant's Habeas Corpus Art.11.07 and Memorandum of Law have been served on the District Clerk of Trinity County on this 24 day of August ,2015.

James Albert Duke

33.